# EXHIBIT A

*United States v. Naasón Joaquín García, et al.,* Case No. 25-cr-370 (LAP)

CHAUDHRY LAW PLLC

147 West 25th Street, 12th Floor
New York, New York 10001
chaudhrylaw.com

January 13, 2026

***Via* Email**

Ryan Allison, Esq. (*Ryan.Allison@usadoj.gov*)
Michael Herman, Esq. (*Michael.Herman@usadoj.gov*)
Elizabeth Daniels, Esq. (*Elizabeth.Daniels@usadoj.gov*)
Elizabeth Espinosa, Esq. (*Elizabeth.Espinosa@usadoj.gov*)
Assistant United States Attorneys
United States Attorney's Office
The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

***Re: United States v. Naasón Joaquín García, et al.*, S1 25 Cr. 370 (LAP)**

Dear Counsel:

We represent Defendant Eva García de Joaquín ("Ms. de Joaquín") in the above-referenced matter. On behalf of Ms. de Joaquín, and pursuant to Federal Rule of Criminal Procedure 7(f), we make the following initial demand for a bill of particulars. Please promptly provide the requested particulars to facilitate the filing of appropriate motions. Please advise us promptly and with specificity should you decline to make any of the requested particulars available.

Additionally, considering the staggering volume of discovery in this case, we request that you narrow the scope of discovery to ensure a fair and efficient trial. It has become evident that the government's disclosure will inundate us with an avalanche of documents, making it nearly impossible to identify the germane and relevant evidence necessary for our defense. As the cases discussed below explain, this shall not fulfill the government's Rule 16 obligations.

In voluminous discovery cases, courts have recognized that the government does not fulfill its obligations under Rule 16 by burying "the defense under an avalanche of documentary and electronic outpourings, [thus rendering] the defense incapable of distilling that which is germane and relevant to the impending trial."[1] When the government has failed to provide the

---

[1] *United States v. Washington*, 819 F. Supp. 358, 368 (D. Vt. 1993) (ordering particularization of evidence the government intends to use at trial, provided the defendants could make a showing that the voluminous discovery materials overwhelmed them).

defense with particulars and has essentially buried the defendants in mounds of documents, courts have narrowed down the charges, reasoning that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel."[2] Similarly, in *United States v. Nachamie*,[3] a bill of particulars was ordered where the defendants were charged with conspiracy to commit Medicare fraud, and the government "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims."[4] The court noted that the government had "not yet informed the defendants which of these claims were false and in what way they were false,"[5] and, relying on *Bortnovsky,* ordered a bill of particulars specifying the names of unindicted co-conspirators, the identity and details of each and every allegedly false claim submitted and/or filed as part of the conspiracy, and the identity and details of the allegedly false documents used in the conspiracy."[6]

The government's production indices do not cure the problem. The indices provide little more than a file name (often a generic or coded label), a broad provider or source category (for example, Google or Bank of America), Bates numbers, and a confidentiality designation. The indices do not describe the contents of any item, identify relevant dates, participants, victims, transactions, locations, or link any document to any charged count, predicate act, or alleged course of conduct. In effect, the indices function just as an inventory of the document types, without identifying which documents the government will rely on or which materials the government contends actually matter.

Therefore, in light of the overwhelming volume of discovery materials in this case and the potential adverse impact on our ability to adequately prepare a defense, we ask you to narrow down the scope of discovery. We seek a fair and efficient trial; providing us with the requested particulars and conducting particularization of the voluminous evidence will enable us to identify the pertinent evidence essential to represent our client effectively.

**Re: Count One (Racketeering Conspiracy)**

**A. Particulars Regarding the "Joaquín LLDM Enterprise" (the "Enterprise")**

1. Regarding Paragraphs 15-22:

    a. Identify the individuals referred to as "others" as well as each and every member, leader, or associate of the Enterprise; specify

---

[2] *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987); *United States v. Savin*, No. 00-Cr.45-RWS, 2001 WL 243533, *3 (S.D.N.Y. Mar. 7, 2001).
[3] 91 F. Supp. 2d 565 (S.D.N.Y. 2000).
[4] *Id.* at 571.
[5] *Id.*
[6] *Id.* at 572–75.

whether each identified person was a leader, member, or associate of the Enterprise;

b. Identify which of the individuals identified in response to Paragraph 1(a) the government contends were co-conspirators with Ms. de Joaquín;
c. Identify the date, time, and location of the formation of the Enterprise, including all persons involved in forming the Enterprise;
d. State the period(s) during which Ms. de Joaquín is alleged to have been a leader, member, or associate of the Enterprise; and
e. Identify and describe any crimes or actions that the government will use in an attempt to prove the existence of an Enterprise and how that Enterprise functioned.

**B. Particulars Regarding the Purposes, Means, and Methods of the Enterprise**

1. Regarding Paragraph 23:

a. For each stated purpose in Paragraph 23(a)–(f), state whether the government contends that it was an object of the racketeering conspiracy as to Ms. de Joaquín; and
b. For each purpose identified in response to 1(a), identify the acts the government contends show that Ms. de Joaquín agreed to or furthered that purpose, including the approximate dates, locations, and victims.

2. Regarding Paragraph 24:

a. With respect to Paragraph 24(a), identify by name each person described as a victim;
b. With respect to the allegation in Paragraph 24(a), specify the alleged act(s) attributed to Ms. de Joaquín; and
c. With respect to Paragraph 24(d), identify by name each victim alleged to have travelled with Naasón and/or Samuel at Ms. de Joaquín's direction.

**C. Particulars Regarding the Racketeering Conspiracy**

1. Regarding Paragraph 25:

a. Specify the date, time, and location of the agreements, and parties thereto, that created the alleged conspiracy to conduct and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity;

b. Specify the date, time, and location of the agreements, and parties thereto, that agreed to commit at least two acts of racketeering in the conduct of the affairs of the Enterprise;
c. Identify every individual and entity the government contends are co-conspirators in the racketeering conspiracy, including any unindicted co-conspirators, cooperating witnesses, and/or confidential sources; and
d. Identify the individuals referred to as "others … being persons employed by and associated" with the Enterprise.

**D. Structural Deficiency in Pleading Racketeering Acts**

1. The Indictment does not delineate discrete racketeering acts, with separate descriptions of the date, location, victim(s), and participants.[7] Instead, it aggregates a wide range of alleged conduct into generalized "means and methods" allegations listed in ¶ 24(a)–(k). As a result, the Indictment does not identify which specific acts the government contends constitute the "pattern of racketeering activity" as to Ms. de Joaquín. Accordingly, regarding Paragraph 25:

   a. Identify each discrete act it contends is a racketeering act forming part of the "pattern of racketeering activity."
   b. For each such act, specify:
      i. The statutory predicate(s) alleged;
      ii. The approximate date(s) and location(s) (city, state, and country);
      iii. The victim(s);
      iv. The participants; and
      v. Whether the government contends that such act is attributable to Ms. de Joaquín.

**E. Particulars Regarding 18 U.S.C. 1591, and 2 (Relating to Trafficking in Persons)**

1. Regarding Paragraph 25(a):

   a. Identify each discrete act involving alleged trafficking in persons that the government contends forms part of the "pattern of racketeering activity" as to Ms. de Joaquín and, for each such act, provide the particulars set out in Section D.1(b) above.

---

[7] *See*, *e.g.*, *United States v. Raniere,* No. 18-cr-00204-NGG (E.D.N.Y. July 23, 2018), ECF No. 50.

**F. Particulars Regarding 18 U.S.C. §§ 2421–2423, and 2 (Relating to Transportation, Inducement and Travel)**

1. Regarding Paragraphs 25(b) and (c):

   a. Identify each discrete trip or episode the government contends forms part of the "pattern of racketeering activity" as to Ms. de Joaquín and, or each such episode, provide the particulars set out in Section D.1(b) above.

**G. Particulars Regarding 18 U.S.C. §§ 2251, 2252, and 2 (Relating to Child Sexual Exploitation)**

1. Regarding Paragraph 25(d):
   a. Identify each discrete episode the government contends forms part of the "pattern of racketeering activity" as to Ms. de Joaquín and, for each such episode, provide the particulars set out in Section D.1(b) above.

**H. Particulars Regarding 18 U.S.C. § 1589, and 2 (Relating to Forced Labor)**

1. Regarding Paragraph 25(e):

   a. Identify each discrete instance of alleged forced labor that the government contends forms part of the "pattern of racketeering activity" as to Ms. de Joaquín and, for each such instance, provide the particulars set out in Section D.1(b) above.

**I. Particulars Regarding 18 U.S.C. § 1344, and 2; 31 U.S.C. §§ 5324, 5332, and 2 (Relating to Financial Crimes)**

1. Regarding Paragraphs 25(f) and 25(g):

   a. Identify each discrete transaction or course of conduct that the government contends forms part of the "pattern of racketeering activity" as to Ms. de Joaquín and, for each such transaction or course of conduct, provide the particulars set out in Section D.1(b) above.
   b. For each transaction or course of conduct identified in response to I.1.a, identify any account(s), instrument(s), or payment platform(s) the government contends were used (including the financial institution or provider), sufficient to permit identification in discovery.
   c. For each transaction or course of conduct identified in response to I.1.a, identify the specific discovery materials on which the

government relies, sufficient to locate: (i) the record(s) of the transaction, (ii) the record(s) the government contends establish the criminal nature of the transaction (including any alleged misrepresentation, concealment, structuring, or reporting-evasion purpose), and (iii) the record(s) the government contends establish Ms. de Joaquín's knowledge of and participation in the transaction or course of conduct.

**Re: Count Two (Sex Trafficking Conspiracy)**

**A. Particulars Regarding Agreement, Commercial Sex Acts, and Victims**

1) Regarding Paragraphs 30-32:

a. Specify the date, time, and location of the agreements, and parties thereto, that created the alleged conspiracy to commit sex trafficking as to Ms. de Joaquín;
b. Specify the date, time, location, and participants in each of the alleged "commercial sex acts" that form the basis of the charge in Count Two;
c. For each alleged commercial sex act identified in response to A.1.b, specify the conduct that the government contends constitutes the "commercial sex acts";
d. Identify the individuals and entities referred to as "others" or "others known and unknown," and state which of them the government contends were co-conspirators with Ms. de Joaquín in Count Two; and
e. Identify each alleged victim the government contends falls within Count Two.

(Remainder of page intentionally blank)

Case 1:25-cr-00370-LAP Document 60-3 Filed 07/24/26 Page 8 of 8



Please provide these particulars to enable the defense to fully understand and respond to the government's allegations.

Thank you for your attention to these requests.

Very truly yours,

/s/ Priya Chaudhry

Priya Chaudhry