# EXHIBIT B

*United States v. Naasón Joaquín García, et al.,* Case No. 25-cr-370 (LAP)

CHAUDHRY LAW PLLC

147 West 25th Street, 12th Floor
New York, New York 10001
CHAUDHRYLAW.COM

June 17, 2026

***Via* Email**

Ryan Allison, Esq. (*Ryan.Allison@usadoj.gov*)
Michael Herman, Esq. (*Michael.Herman@usadoj.gov*)
Elizabeth Daniels, Esq. (*Elizabeth.Daniels@usadoj.gov*)
Elizabeth Espinosa, Esq. (*Elizabeth.Espinosa@usadoj.gov*)
Assistant United States Attorneys
United States Attorney's Office
The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

***Re:*** ***United States v. Naasón Joaquín García, et al.*, S1 25 Cr. 370 (LAP)**

Dear Counsel:

We represent Defendant Eva García de Joaquín ("Ms. de Joaquín") in the above-referenced matter. On behalf of Ms. de Joaquín, and pursuant to Federal Rule of Criminal Procedure 7(f), we supplement and renew our demand for a bill of particulars.

This supplemental request seeks charge-defining particulars necessary for Ms. de Joaquín to understand the allegations against her, prepare pretrial motions, avoid unfair surprise, and protect against later reliance on unparticularized conduct. It does not seek a preview of the government's trial proof.

For purposes of the requests below, "Core Particulars" means, for each alleged act, episode, course of conduct, predicate, or agreement:

The approximate date or date range;

Location, including city, state, and country where applicable;

Victim or victims;

Participants;

Conduct attributed to Ms. de Joaquín;

Whether the conduct occurred inside or outside the United States;

Whether it occurred before or after December 23, 2008; and

Whether it concerns Samuel Joaquín Flores ("Samuel"), Naasón Joaquín García ("Naasón"), or both.

Where the precise date, time, or location is unknown, please provide the approximate date range, location, participants, victim, and conduct on which the government relies.

**Re: Count One (Racketeering Conspiracy)**

**A. Particulars Regarding the "Joaquín LLDM Enterprise"**

1. Regarding Paragraphs 15–24:

a. Identify the persons and entities the government contends constituted the "Joaquín LLDM Enterprise," including whether the government contends the Enterprise was the LLDM Church itself, a vehicle operating through the LLDM Church, a subset of LLDM Church leadership, the Joaquín family, selected Joaquín family members, the named defendants, selected LLDM leaders, aides, groomers, or associates, or some other association-in-fact.

b. For each person or entity identified in response to Paragraph A.1.a, specify the role and period of participation, including whether the person or entity was a leader, member, associate, co-conspirator, or other participant.

c. Identify the period, role, and conduct by which the government contends Ms. de Joaquín became or remained a leader, member, associate, or co-conspirator of the Enterprise, apart from her status as Samuel's wife, Naasón's mother, or a member of the Joaquín family.

**B. Particulars Regarding the Count One Conspiracy and the Samuel and Naasón Eras**

1. Regarding Paragraphs 8–11 and 15–26:

a. State whether the government contends that, as to Ms. de Joaquín, Count One charges one continuous RICO conspiracy spanning both the Samuel-era and Naasón-era conduct, or separate conspiracies or agreements.

b. If the government contends that Count One charges one continuous RICO conspiracy as to Ms. de Joaquín, state whether the government relies on Ms. de Joaquín's own post-2014 conduct, a

pre-2014 agreement allegedly continuing after Samuel's death, or some other specified basis for continuity.

**C. Particulars Regarding Ms. de Joaquín's Agreement and Participation in Count One**

1. Regarding Paragraphs 10, 20, 23, 24(a) through 24(d), 24(g), 25, and 26:

   a. Provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín knowingly joined the alleged RICO conspiracy.

   b. Provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín continued in the alleged RICO conspiracy after December 23, 2008.

   c. Provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín continued in the alleged RICO conspiracy after December 2014.

   d. Identify each purpose in Paragraph 23(a) through 23(f) that the government contends Ms. de Joaquín agreed to further.

   e. For each purpose identified in response to Paragraph C.1.d, provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín agreed to or furthered that purpose.

   f. Provide the Core Particulars for each allegation in Paragraph 10 that Ms. de Joaquín helped identify girls or women for Samuel, groomed or prepared them for Samuel's abuse, or held down or restrained any victim.

**D. Particulars Regarding Paragraph 24 Group Allegations and Racketeering Predicate Categories**

1. Regarding Paragraphs 24(a) through 24(d), 24(g), 25, and 26:

   a. Identify each allegation in Paragraphs 24(a) through 24(d) and 24(g), and each racketeering predicate category in Paragraph 25, that the government contends is attributable to Ms. de Joaquín, whether because she personally committed it, aided and abetted it, willfully caused it, agreed that a conspirator would commit it, or the government otherwise contends the act is attributable to her.

b. For each allegation or predicate category identified in response to Paragraph D.1.a, provide the Core Particulars and identify the applicable statutory predicate, if any.

c. For each alleged sex-trafficking act or episode attributed to Ms. de Joaquín, identify the victim, statutory verb or verbs, alleged commercial sex act, alleged thing of value, and the person or persons who allegedly provided or received that thing of value.

d. For each non-sex-trafficking predicate act or category attributed to Ms. de Joaquín, including any travel, transportation, inducement, forced labor, child exploitation, bank fraud, structuring, or bulk-cash-smuggling act, provide the Core Particulars for the conduct the government contends makes the act attributable to her.

**E. Particulars Regarding Extraterritoriality, Section 1596, and Pre-December 23, 2008, Conduct**

1. Regarding Paragraphs 24, 25, 28, 30, and 31:

a. Identify each act or course of conduct attributed to Ms. de Joaquín that the government contends occurred outside the United States, and state whether it occurred before or after December 23, 2008.

b. For each foreign act or course of conduct, identify the statutory predicate and jurisdictional hook the government contends made the conduct indictable when it occurred, including any reliance on 18 U.S.C. § 1596 and the statutory condition under § 1596(a) the government contends is satisfied.

c. For each pre-December 23, 2008, foreign act or course of conduct, state whether the government contends the act is chargeable because of an extraterritorial jurisdictional hook independent of § 1596, a continuing offense, a continuing conspiracy, or post-enactment participation by Ms. de Joaquín.

d. For each act identified in response to Paragraph E.1.c, provide the Core Particulars for the post-December 23, 2008, conduct by Ms. de Joaquín on which the government relies.

e. State whether the government contends that any pre-December 23, 2008, foreign act attributed to Ms. de Joaquín was indictable when it occurred and may serve as RICO racketeering activity, as an agreed racketeering act under Count One, or only as background, context, relationship evidence, proof of knowledge, proof of intent,

proof of method, proof of enterprise, proof of pattern, or for some other evidentiary purpose.

**F. Particulars Regarding Force, Fraud, Coercion, Serious Harm, and Religious or Spiritual Coercion**

1. Regarding Paragraphs 1, 7, 8, 14, 23, 24(a), 24(c), 24(g), 24(k), 28, and 31:

    a. For each alleged victim and each alleged commercial sex act attributed to Ms. de Joaquín, identify whether the government relies on physical force, restraint, threats of physical force, fraud, psychological harm, threats to family or support networks, ostracism, reputational harm, religious doctrine, spiritual authority, fear of damnation, promises of blessing or salvation, obedience to the Apostle, or some combination of those theories.

    b. For each alleged instance of physical force, restraint, threat of force, fraud, psychological harm, or other non-religious coercion attributed to Ms. de Joaquín, provide the Core Particulars and identify the alleged force, restraint, threat, fraudulent statement or omission, threatened harm, or psychological harm.

    c. For each alleged "serious harm" theory under 18 U.S.C. § 1591(e)(5) attributed to Ms. de Joaquín, identify the harm alleged, the facts that made the harm sufficiently serious, and the conduct attributed to Ms. de Joaquín.

    d. For each alleged religious, spiritual, or doctrine-based coercion theory attributed to Ms. de Joaquín, identify the statement, teaching, threat, sermon, instruction, or representation on which the government relies, including who said what to whom, the approximate date, the location, and the victim or victims allegedly affected.

    e. State whether the government contends that any alleged religious blessing, salvation, avoidance of damnation, or obedience to the Apostle served as: (i) the alleged thing of value for a commercial sex act; (ii) the alleged coercive mechanism; or (iii) both.

    f. State whether the government contends that any alleged corruption, manipulation, or use of LLDM doctrine is attributable to Ms. de Joaquín as a racketeering act, agreed racketeering act, means or method of the Enterprise, proof of the Enterprise, proof

of coercion, proof of knowledge or intent, background, or some other basis for Count One or Count Two.

g. State whether the government intends to attribute to Ms. de Joaquín any sermon, instruction, statement, or communication alleged in Paragraph 14 or Paragraph 24(k); if so, identify the statement or communication and provide the Core Particulars.

**G. Particulars Regarding New York and Southern District of New York Conduct**

1. Regarding Paragraphs 15, 24(d), 25, 30, and 31:

a. Identify each act or course of conduct occurring in New York or the Southern District of New York that the government contends is attributable to Ms. de Joaquín.

b. For each such act or course of conduct, provide the Core Particulars.

**Re: Count Two (Sex-Trafficking Conspiracy)**

**A. Particulars Regarding Ms. de Joaquín's Alleged Agreement and Participation**

1. Regarding Paragraphs 28, 30, and 31:

a. Provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín knowingly joined, participated in, or remained in the Count Two conspiracy from December 2014 through August 2025.

b. State whether the government contends that Count Two is the same sex-trafficking agreement charged as part of Count One, a continuation of Samuel-era conduct, or a distinct Naasón-era conspiracy.

c. If the government contends that Count Two is tied to Samuel-era conduct as to Ms. de Joaquín, provide the Core Particulars for the post-December 2014 conduct by which she allegedly joined, remained in, or agreed to the Count Two conspiracy.

d. State whether, apart from the allegation in Paragraph 28 concerning Victim-6 in or about April 2017, the government contends that any additional specific act supports Ms. de Joaquín's

participation in Count Two; if so, provide the Core Particulars for each additional act.

e. Identify the individuals and entities referred to as "others" or "others known and unknown" in Paragraphs 30 and 31, and state which of them the government contends were co-conspirators with Ms. de Joaquín.

**B. Particulars Regarding Count Two Victims and Commercial Sex Acts**

1. Regarding Paragraph 31:

a. For each alleged victim listed in Paragraph 31, identify the conduct attributed to Ms. de Joaquín.

b. For each alleged victim listed in Paragraph 31, identify whether the government contends Ms. de Joaquín recruited, enticed, harbored, transported, provided, obtained, or maintained that victim.

c. For each alleged commercial sex act, identify the alleged thing of value, including whether the government relies on housing, travel, religious blessings, eternal salvation, concert tickets, amusement-park tickets, avoidance of damnation, status, money, or some other alleged value.

d. For each alleged commercial sex act, identify the person who allegedly provided the thing of value and the person who allegedly received it.

**C. Particulars Regarding Victim-6 and the April 2017 Allegation**

1. Regarding Paragraphs 28 and 31:

a. Provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín trafficked Victim-6 in or about April 2017.

b. Identify which statutory verb or verbs the government contends apply to Ms. de Joaquín with respect to Victim-6, including recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit.

c. Identify whether the government contends the alleged Victim-6 conduct occurred in the Central District of California, elsewhere in the United States, outside the United States, or some combination of those locations.

d. Identify the force, threats of force, fraud, coercion, or serious harm the government contends caused Victim-6 to engage in a commercial sex act.

e. Identify the thing of value the government contends was provided or promised on account of the alleged commercial sex act involving Victim-6.

f. Identify whether the government contends Ms. de Joaquín personally committed the alleged Victim-6 conduct, aided and abetted it, willfully caused it, joined an agreement that encompassed it, or the government otherwise contends the conduct is attributable to her.

**D. Particulars Regarding Minor-Specific Allegations**

1. Regarding Paragraph 32:

a. State whether the government contends that Ms. de Joaquín was part of the minor-victim object alleged in Paragraph 32.

b. If so, provide the Core Particulars for the conduct by which the government contends Ms. de Joaquín joined, agreed to, participated in, or furthered that object.

c. If not, state whether the government nevertheless intends to use the minor-victim allegations in Paragraph 32 against Ms. de Joaquín as proof of Count One or Count Two.

d. If the government intends to use Paragraph 32 against Ms. de Joaquín, provide the Core Particulars for each such allegation.

Please provide these particulars by June 26, 2026. If the government declines to provide any requested particulars, please advise us with specificity as to each request declined.

Thank you for your attention to these requests.

Very truly yours,

Priya Chaudhry