# EXHIBIT C

*United States v. Naasón Joaquín García, et al.,* Case No. 25-cr-370 (LAP)

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

January 29, 2026

**BY EMAIL**

Priya Chaudhry, Esq.
Justin Mungai, Esq.
ChaudhryLaw PLLC
147 West 25th Street, 12th Floor
New York, NY 10001

**Re: *United States v. Naason Joaquin Garcia, et al.*, 25 Cr. 370 (LAP)**

Dear Counsel,

This letter responds to your letter of January 13, 2026, which demands a bill of particulars and makes additional discovery-related demands on behalf of your client, defendant Eva García de Joaquín.

**I. Bill of Particulars**

While your letter demands a bill of particulars, it is notably devoid of any legal basis for one. Indeed, "a bill of particulars is not a general investigative tool for the defense or a device to compel pretrial disclosure of the government's evidence." *United States v. Ballesteros Gutierrez*, 181 F. Supp. 2d 350, 354 (S.D.N.Y. 2002). Specifically, a "defendant [is not] entitled to disclosure of the manner in which the government will attempt to prove the charge, the precise manner in which the government will allege the defendant committed the crimes charged, or a preview of the government's evidence or legal theories." *United States v. Chambers*, 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018); *United States v. Skelos*, 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015) (same).

In an enterprise and conspiracy case, such as this one, a defendant is "not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . enterprise and conspiracy." *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996). And "[w]here the defendant has the necessary information from other sources, including discovery materials, the government will not be compelled to provide particulars." *United States v. Ahmad*, 992 F. Supp. 682, 683 (S.D.N.Y. 1998). Rather, the *sole* purpose of a bill of particulars is to furnish facts that are necessary to apprise a defendant of the charges against her with sufficient precision to (i) enable her to prepare her defense, (ii) avoid unfair surprise at trial, and (iii) preclude a second prosecution for the same offense. *See Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1991). That is why Courts have long held that "a bill of particulars should be required only where the charges of an indictment are so general that they do

not advise the defendant of the specific acts of which [s]he is accused." *Torres*, 901 F.2d at 234; *accord United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

Here, the Indictment is a speaking indictment, which goes above and beyond a mere recitation of the elements of each offense by detailing the conspiracy allegations to which García de Joaquín and her co-defendants are charged in great detail across over 30 pages. Simply put, this is not a case in which the allegations in the Indictment "are so general that they do not advise the defendant of the specific acts of which [s]he is accused." *Walsh*, 194 F.3d at 47. The Indictment itself thus provides a sufficient basis to deny your request in its entirety. *See, e.g.*, *United States v. Bonventre*, 646 F App'x 73, 79 (2d Cir. 2016) ("[E]vidientiary detail is not the function of the bill of particulars. Particulars are necessary only where indictment charges are so general that they do not advise the defendant of the specific acts of which [s]he is accused."); *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (same); *United States v. Wedd*, 2016 WL 1055737, at *3 (S.D.N.Y. Mar. 10, 2016) (denying motion for bill of particulars where "the Indictment is a 'speaking' Indictment that provides a significant amount of detail as to the Government's theory of the case and the nature of the proof that will underlie the charges at trial").

Given these strict requirements for a bill of particulars, the level of detail provided in the Indictment, the discovery and disclosures provided to date, the additional discovery that is forthcoming, and the Government's detailed detention letter (*see* Dkt. 12), no further disclosure is required as a matter of law. The Government has already produced well-organized discovery, including multiple law enforcement reports detailing aspects of the Government's investigation and multiple search warrant affidavits laying out the Government's theory of prosecution—lengthy documents that describe in fulsome narratives the criminal acts that García de Joaquín, together with her co-defendants, have committed in furtherance of the racketeering conspiracy. By way of example, the search warrant affidavit marked with identification number APO_USAO_00005196-00005300 alone contains the answers to many of your demands, including detailed information about García de Joaquín's abuse of multiple victims and other acts in furtherance of the charged crimes. Finally, at the appropriate time before trial, at García de Joaquín's or any other defendant's request, the Government will provide a so-called "enterprise" letter.[1] And, prior to trial, we will also be providing materials pursuant to 18 U.S.C. § 3500, which will provide additional details regarding the charged offenses. The Government is also available to you to answer any questions regarding particular aspects of the evidence produced in discovery on a recurring basis, as we have done already.

Finally, to briefly address your claim that the Indictment has a "structural deficiency" in "not delineat[ing] discreet racketeering acts, with separate descriptions of the date location, victim(s), and participants," your letter misstates the applicable legal requirements. "Neither overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proven for a section 1962(d) offense." *United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011)

---

[1] *See United States v. Sierra*, 2012 WL 2866417, at *8 (S.D.N.Y. July 11, 2012) (noting that "RICO enterprise letter[s] . . . have been productively utilized in numerous racketeering cases in this District, as a means of particularizing the allegations in an indictment or the evidence the Government intends to introduce at trial.").

(quoting *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991)). Accordingly, "[b]ecause a RICO conspiracy charge need not specify the predicate or racketeering acts that the defendants agreed would be committed . . . it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity." *Id.* In short, there is no pleading deficiency in the Indictment.

## II. Discovery Demands

In your letter, you have also claimed that "considering the staggering volume of discovery in this case, we request that you narrow the scope of discovery to ensure a fair and efficient trial," claiming that "the government's disclosure will inundate us with an avalanche of documents, making it nearly impossible to identify the germane and relevant evidence necessary for our defense." Ltr. at 1; *see also* Ltr. at 2 (demanding that the Government "narrow down the scope of discovery"). To be clear, we have produced and are continuing to produce the discovery that is required to be produced pursuant to Federal Rule of Criminal Procedure 16(a). And, as described above, the discovery is not, in fact, an unorganized "avalanche of documents," but rather, is well-organized, foldered, and indexed. Nevertheless, if you, on behalf of García de Joaquín, wish to waive receipt of discovery or portions thereof, please let us know in writing.

Alternatively, if you have any specific questions about particular parts of the discovery, please point us to those documents by identification number, and we are available to speak.

Very truly yours,

JAY CLAYTON
United States Attorney

by: ______/s/________________________
Ryan W. Allison, Michael Herman,
Elizabeth Daniels, Elizabeth Espinosa
Assistant United States Attorneys
(212) 637-2474, 2221, 2955, 2216