# EXHIBIT D

*United States v. Naasón Joaquín García, et al.,* Case No. 25-cr-370 (LAP)

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

July 1, 2026

**BY EMAIL**

Priya Chaudhry, Esq.
Justin Mungai, Esq.
ChaudhryLaw PLLC
147 West 25th Street, 12th Floor
New York, NY 10001

**Re: *United States v. Eva García de Joaquín, et al.*, S1 25 Cr. 370 (LAP)**

Dear Counsel:

This letter responds to your letter on behalf of defendant Eva García de Joaquín, dated June 17, 2026, which seeks "charge-defining particulars" for over ten multi-part demands. This is the second time you have requested a bill of particulars. As we explained in response to your first request, the speaking Indictment in this case, the extensive public court filings, the discovery produced to date—which includes detailed search warrant affidavits that describe the charged conduct at length—the Government's undertaking to provide a so-called "enterprise letter" before trial, and the Government's anticipated 18 U.S.C. § 3500 and *Jencks* Act productions obviate the need for a bill of particulars. The answers to most of your recent set of inquiries are readily apparent in discovery, public filings, prior communications, or from the Indictment itself, and the rest of your request seek the premature identification of victim-witnesses and witness statements, which are not appropriately disclosed at this stage of the litigation.

As with your first purported demand for a bill of particulars, your June 17 letter is again devoid of any legal basis for one. "[A] bill of particulars is not a general investigative tool for the defense or a device to compel pretrial disclosure of the government's evidence." *United States v. Ballesteros Gutierrez*, 181 F. Supp. 2d 350, 354 (S.D.N.Y. 2002). Specifically, a "defendant [is not] entitled to disclosure of the manner in which the government will attempt to prove the charge, the precise manner in which the government will allege the defendant committed the crimes charged, or a preview of the government's evidence or legal theories." *United States v. Chambers*, 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018); *see United States v. Skelos*, 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015) (same). And "[w]here the defendant has the necessary information from other sources, including discovery materials, the government will not be compelled to provide particulars." *United States v. Ahmad,* 992 F. Supp. 682, 683 (S.D.N.Y. 1998).

Particulars are necessary only where indictment charges are "so general that they do not advise the defendant of the specific acts of which [s]he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004). "If the information the defendant seeks is provided in the indictment

or in some acceptable alternate form, such as discovery or other correspondence, no bill of particulars is required." *United States v. Binday*, 908 F. Supp. 2d 485, 497 (S.D.N.Y. 2012). With respect to conspiracy charges, such as this one, "[i]t is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." *United States v. Reid*, 650 F. Supp. 3d 182, 197 (S.D.N.Y. 2023); *see United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) (in an enterprise and conspiracy case, a defendant is "not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . enterprise and conspiracy"). Moreover, "[d]etails as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial." *Id.*; *accord United States v. Altorei*, 2025 WL 2381589, at *3 (S.D.N.Y. Aug. 15, 2025).

Given these strict requirements for a bill of particulars, the discovery and disclosures provided to date, the nature of the charges, the Government's prior agreement to provide a so-called "enterprise letter" in advance of trial, and the anticipated production of materials pursuant to 18 U.S.C. § 3500 prior to trial, no further disclosure is required at this time. Most of your demands, with the exception of identifying all victim-witnesses by name, are already answered by the lengthy speaking Indictment, the lengthy detention letter that addresses García de Joaquín's conduct in detail, *see* Dkt. 12, at 9-11, and the well-organized and foldered discovery produced to date. By way of example, your demand that the Government identify whether the Joaquín LLDM Enterprise "was the LLDM Church itself" is answered on the face of the Indictment: As alleged in the Indictment, the Joaquín LLDM Enterprise consisted not of the entire LLDM Church but of "NAASÓN JOAQUÍN GARCÍA, ROSA SOSA, AZALIA RANGEL GARCÍA, EVA GARCÍA DE JOAQUÍN, JORAM NÚÑEZ JOAQUÍN, and SILEM GARCÍA PEÑA, the defendants, and others known and unknown." Dkt. 4 ¶ 15. As we wrote in an email to you on October 15, 2025, "the charged RICO conspiracy in this case … is far narrower than the LLDM religion itself"; *see also* Dkt. 46 at 37. And to the extent you were still unsure about the scope of the charged enterprise until recently, the Government explained the scope of the allegations again in its memorandum in opposition to the defendants' motion to compel the production of grand jury transcripts, filed on May 8, 2026: "The Indictment alleges that the Joaquín LLDM Enterprise consisted not of the entire Church but of a corrupt subset within the LLDM Church leadership, including Naasón, Eva, and Joram, who victimized and exploited—not conspired with—many adult and child members of the Church." Dkt. 54 at 12.

The Indictment also provides further particulars about the nature of the charged enterprise. The Indictment describes each of the defendants' roles in the Joaquín LLDM Enterprise. Dkt. 4 ¶¶ 18-22. The Indictment alleges that these defendants "abused the power, doctrine, and structure of La Luz Del Mundo Church . . . to threaten, coerce, and sexually abuse girls, boys, and women in the LLDM Church; to engage in financial crimes; and to obstruct criminal investigations into their misdeeds." *Id.* ¶ 1. The Indictment also alleges the duration of the charged racketeering conspiracy: from "at least on or about October 15, 1970, through at least in or about August 2025." *Id.* ¶ 25.

You can find additional details in the Government's detailed detention letter. Dkt. 12. As for your demands concerning García de Joaquín's criminal conduct "post-2014," as the Government wrote:

> After Samuel's death in 2014, García de Joaquín supported the ascension of her son, Naasón, to become the next Apostle and leader of the Joaquín LLDM Enterprise. García de Joaquín's political support enabled Naasón to assume control of the LLDM Church and take the seat that Samuel had occupied. García de Joaquín surely knew that, as the Apostle, Naasón would claim the right to continue his father's legacy of systematic sexual abuse and exploitation.
>
> Emails, text messages, surveillance, and witness testimony will also show that García de Joaquín has also continued, to this day, to profit from the Joaquín LLDM Enterprise's exploitation of church members. García de Joaquín continues to live in the "Versace" house in Los Angeles, where LLDM Church members cook, clean, and wait on her. And García de Joaquín continues to take expensive flights and be driven by young LLDM Church members in fancy cars, all funded by the LLDM Church donations.

*Id.* at 11.

Finally, as we have repeatedly discussed, additional details about the nature of the charged conduct involving your client are readily apparent from the discovery, including the detailed search warrant affidavits the Government has produced. *See, e.g.*, APO_USAO_00005943.

In short, your request for additional particulars is not warranted.

Very truly yours,

JAY CLAYTON
United States Attorney

by: Michael R Herman

Ryan W. Allison, Elizabeth Espinosa
Michael R. Herman, Lisa Daniels,
Assistant United States Attorneys
(212) 637-2221